IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TPC GROUP INC, *et al.*,<br><br>   *Debtors*.[1] | Chapter 11<br><br>Bankruptcy Case No. 22-10493 (CTG)<br><br>Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>   *Plaintiffs-Appellants*,<br><br>v.<br><br>TPC GROUP INC.,<br><br>   *Defendant-Appellee*,<br><br>-and-<br><br>THE AD HOC NOTEHOLDER GROUP,<br><br>   *Intervenor-Defendant-Appellee*. | Bankruptcy Adv. Proc. No. 22-50372 (CTG)<br><br>Civ. Action No. 22-mc-00298 (RGA) |

**REPLY OF APPELLANTS BAYSIDE CAPITAL, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P. IN FURTHER SUPPORT OF THEIR EMERGENCY MOTION TO EXPEDITE APPEAL**

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of their federal tax identification numbers, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

Appellants Bayside Capital, Inc. and Cerberus Capital Management, L.P., by and through their undersigned counsel, hereby submit this reply (the "Reply") in further support of the *Emergency Motion of Appellants to Expedite Appeal*. In support of this Reply, Appellants respectfully state as follows:

**LEGAL ARGUMENT**

1. This Court may expedite an appeal "if there are unusual time considerations or if unfairness to the litigants would otherwise result." *In re Mallinckrodt PLC*, 2021 WL 3403799, at *2 (D. Del. Aug. 4, 2021) (quoting Collier on Bankruptcy ¶ 8019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Appellants have demonstrated the need for an expedited review of their appeal in order to avoid irreparable harm that would result from the effectiveness and enforcement of the Order and Judgment in the Bankruptcy Court proceedings. Because of the time-sensitive nature of those proceedings, Appellants respectfully request that this Court grant their motion.[2]

2. **First**, in partially opposing this motion,[3] Appellees wrongly assert that Appellants manufactured the exigent circumstances underlying this appeal. Appellants promptly and timely sought relief against Appellees **the day after** TPC filed for Chapter 11 bankruptcy—June 2, 2022—seeking a declaratory judgment not only to protect their sacred rights to the proceeds of TPC's Collateral but also to ensure that any proposed Debtor-in-Possession financing would not further dilute their position. The proposed DIP roll-up, which threatens to eviscerate Appellants' rights to Collateral proceeds, was not on the table prior to the bankruptcy, and thus Appellants

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in Appellants' Complaint, Appellants' Memoranda of Law in Support of their Motion for Summary Judgment and in Opposition to Intervenor's Motion for Summary Judgment, and Appellants' Emergency Motion to Expedite Appeal (Dkt. 7).

[3] Appellees agree that if this Court grants Appellants' Emergency Motion for Stay, the Motion to Expedite Appeal should be granted.

2

filed their complaint the moment the threat of the roll-up was unveiled. Appellants did not "intentionally" delay seeking relief, as Appellees disingenuously argue, and Appellees do not show otherwise.

4. The emptiness of Appellees' argument about Appellants' purported delay is exposed by their failure to actually invoke a genuine legal defense based on unreasonable delay, such as laches. *See Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 220-21 (3d Cir. 2021) (describing equitable doctrine of laches). That is because such a defense is clearly unavailing where the Appellants have moved quickly in seeking the declaratory judgment below, and now seek further quick resolution of the matter on appeal.

4. The cases cited by Appellees do not support their assertions of delay. In *In re Mallinckrodt PLC*, 2021 WL 3403799, the Court concluded that an expedited appeal was not proper where the plaintiffs, eight months after the bar date, had repeatedly "delayed in alleging any facts to support their disputed claims by repeatedly asserting that more discovery was needed without ever actually seeking to compel discovery," *Id.* at 2. No similar delay occurred here—where Appellants moved rapidly to brief and argue their motion for summary judgment, no discovery was sought, and Appellants asked the Bankruptcy Court to decide the case on the language of the contracts alone. In *Boston Parent Coal. for Acad. Excellence Corp. v. Sch. Comm.*, 996 F.3d 37 (1st Cir. 2021), the Court denied injunctive relief where the plaintiffs had failed to file their complaint against the school district's school admissions plan until four months after the plan was adopted—and shortly before the school admission notices were to be issued. *Id*. at 50. Again, Appellants here caused no similar delay, filing their complaint within one day of TPC filing for bankruptcy. Finally, in *In re Rosas*, 2010 WL 3075468, (W.D. Tex. Aug. 4, 2010), the debtor
3

failed, without any explanation, to properly abide by the schedule for seeking relief laid out in 11 U.S.C. 362(c)(3)(B). *Id.* at *1. Appellants made no similar procedural error here.

5. **Second**, Appellants have demonstrated that they will suffer irreparable harm absent an expedited appeal. Defendants-Appellees seek final approval of a DIP loan that would roll-up the Usurping Noteholders' TPC debt by granting a priming lien, placing Appellants' Notes behind hundreds of millions of Intervenor-Defendant-Appellee's priming debt. TPC admits that it cannot provide adequate protection, and Appellants did not waive their Fifth Amendment right to that protection (which Appellees do not dispute). As further set forth in Appellants' briefing on their Motion for a Stay, approval of this DIP loan would cause non-compensable injury to Appellants, which may be irreversible under Section 364(e) of the Bankruptcy Code.

6. Appellees claim in passing that Appellants suffer only purely economic harms and therefore cannot show irreparable harm. This is wrong. First, Appellants have a Fifth Amendment right as secured creditors to adequate protection, absent a valid waiver, and denial of that constitutional right constitutes irreparable harm. *See GJJM Enters., LLC v. City of Atlanta*, 293 F. Supp. 3d 509, 520-21 (D.N.J. 2017). Second, the harm that Appellants face—the irreversible dilution of their "status quo security interest," if the Proposed DIP is approved and the Usurping Notes are rolled up—is exactly the type of non-compensable economic injury that courts have found to establish irreparable harm. *See Temsa Ulasim Araclari Sanayi Ve Ticaret A.S. v. CH Bus Sales*, 2018 WL 4179456, at *2 (D. Del. Aug. 31, 2018). Appellants' economic injury is non-compensable also because TPC is insolvent. *See Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) ("There is ample authority for the proposition 'that the unsatisfiability of a money judgment can constitute irreparable injury.'" (quoting *Hoxworth v. Blinder, Robinson & Co.,* 903 F.2d 186, 205-06 (3d Cir.1990))); *Marblegate Asset Mgmt. v. Educ. Mgmt. Corp.*, 75 F. Supp. 3d 592, 607 (S.D.N.Y.

2014) ("[C]ourts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents." (quoting *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 250 (2d Cir. 1999))). Third, Appellants face a substantial risk that, if the DIP Proposal is approved, Section 364(e) would render their appeal statutorily moot.

7. **<u>Finally</u>**, Appellees' claim that the expedited appellate briefing schedule would prejudice TPC is both nonsensical and contradicted by their own papers. Appellees' only complaint—that an expedited appeal would divert estate resources[4]—makes clear that they take issue not with the speed of the appeal, but the fact that Appellants chose to exercise their appellate rights at all. Ironically, Appellees oppose this motion to expedite, but then protest in their opposition to Appellants' stay motion that TPC would suffer from even a slight delay, accusing Appellants of dragging out the proceedings to gain a tactical advantage in their business negotiations with TPC. Appellees cannot have it both ways. Instead, an expedited appeal would benefit Appellants and Appellees alike, appropriately balancing Appellants' exercise of their appellate rights with all parties' interest in an efficient bankruptcy proceeding.

---

[4] *In re Mallinckrodt PLC*, 2021 WL 3403799, at *2 (D. Del. Aug. 4, 2021) is inapposite. In denying an expedited appeal, among other reasons, the court observed that an expedited appeal would distract from preparation for an upcoming confirmation hearing—a massive undertaking not at issue here.

Dated: July 20, 2022

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel: 302-652-4100
Facsimile: 302-652-4400
ljones@pszjlaw.com
tcairns@pszjlaw.com

- and -

Jennifer Selendy (admitted *pro hac vice*)
Andrew R. Dunlap (admitted *pro hac vice*)
Oscar Shine (admitted *pro hac vice*)
Max H. Siegel (admitted *pro hac vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, New York 10104
Tel: 212-390-9000
jselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
msiegel@selendygay.com

*Attorneys for the Ad Hoc Group of Non-Consenting Noteholders*